# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 CR 22 - 1 | **DATE** | 2/2/2001 |
| **CASE TITLE** | U.S.A. vs. Krasnow, Sr. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Arraignment held. Defendant having executed Waiver of Indictment, entered a plea of guilty to counts two and three of the information. Defendant was informed of this rights. Judgment of guilty entered on counts two and three. Any remaining count to be dismissed at the time of sentencing on govt.'s motion. Preparation of presentence report and sentencing are deferred pursuant to parties' request. Status conference set for 5/4/01 at 10:00 a.m. Defendant is released on $4,500.00 O.R. Bond. Plea Agreement filed. Govt.'s motion for entry of preliminary order of forfeiture is granted. Enter Preliminary order of Forfeiture.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | FEB 0 5 2001 | |
| | Notified counsel by telephone. | | date docketed | 13 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| MPJ | courtroom deputy's initials | 01 FEB -2 PM 6:03 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

UNITED STATES DISTRICT Court
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 01 CR 0022 — 1 |
| | ) | Hon. Elaine E. Bucklo |
| ROBERT KRASNOW, SR. | ) | |

DOCKETED FEB 05 2001

### PRELIMINARY ORDER OF FORFEITURE

This cause comes before the Court on motion of the United States of America for entry of a preliminary order of forfeiture as to specific property pursuant to the provisions of Title 18, United States Code, Section 1963(a)(1) and (3), and the Court being fully informed hereby finds as follows:

(a) On January 10, 2001, an information was filed charging defendant ROBERT KRASNOW, SR. with violations of the Racketeer Influenced Corrupt Organizations Act pursuant to the provisions of 18 U.S.C. § 1962(c), among other violations;

(b) The information sought forfeiture to the United States of specific property pursuant to the provisions of 18 U.S.C. § 1963(a)(1) and (3);

(c) On January 26, 2001, pursuant to Fed. R. Crim. P. 11, defendant ROBERT KRASNOW, SR. entered a voluntary plea of guilty to Counts Two and Three of the information;

(d) As a result of his violations of 18 U.S.C. § 1962(c) to which he pled guilty in Count Two, defendant ROBERT KRASNOW, SR. agreed that certain funds in the amount of $3,000,000 are subject to forfeiture pursuant to the provisions of 18 U.S.C. § 1963(a)(1)



and(3), because the funds represent interests acquired and maintained in violation of 18 U.S.C. § 1962 or constitute proceeds of or were derived from proceeds obtained, directly and indirectly from racketeering activities in violation of 18 U.S.C. § 1962;

(e) Pursuant to the provisions of Paragraph 23 of his plea agreement, defendant ROBERT KRASNOW, SR. agreed to the entry of a preliminary order forfeiting funds in the amount of $3,000,000 on the date his plea of guilty was entered, to be paid in the manner set forth in Paragraph 23 of his plea agreement;

(f) Defendant ROBERT KRASNOW, SR. further agreed to a payment plan to satisfy the $3,000,000 forfeiture liability. The payments will be made in the form of a wire transfer or certified cashier's check to payable to the "United States Marshals Service Seized Assets Management Account", to be mailed to the United States Marshals Service, 219 South Dearborn Street, Room 2444, Chicago, Illinois 60604, in the amounts and on the dates set foth in Paragraph 23 of the plea agreement. Each check shall reference the case number of this action. Pursuant to Paragraph 23 of the plea agreement, the defendant shall pay the following amounts of money on or before the following dates: $300,000 on or before March 15, 2001; $300,000 on or before September 15, 2001; $300,000 on or before March 15, 2002; $300,000 on or before September 15, 2001; $500,000 on or before March 15, 2003; $500,000 on or before September 15, 2003; and, $800,000 on or before March 15, 2004. The

2

total amount of the payments shall be $3 million to satisfy the forfeiture judgment. Defendant ROBERT KRASNOW, SR. further agreed to provide adequate security for the unpaid portion of those monies in a timely manner.

(g) In the event that defendant ROBERT KRASNOW, SR. fails to satisfy the $3,000,000 forfeiture judgment in accordance with the terms set out in Paragraph 23 of the plea agreement, if any of the funds in the amount of $3,000,000 as a result of any act or omission on the part of the defendant:

1. cannot be located upon the exercise of due diligence;

2. has been transferred or sold to, or deposited with, a third party;

3. has been placed beyond the jurisdiction of the Court;

4. has been substantially diminished in value; or

5. has been commingled with other property which cannot be subdivided without difficulty;

the Court shall order pursuant to 18 U.S.C. § 1963(m), the forfeiture of any other property belonging to defendant ROBERT KRASNOW, SR. up to the value of $3,000,000 to satisfy the money judgment entered by the Court;

(h) In the event that defendant ROBERT KRASNOW, SR. fails to satisfy the $3,000,000 forfeiture judgment in accordance with the terms set out in Paragraph 23 of the plea agreement, the United States shall seek the forfeiture of substitute property belonging

3

to defendant ROBERT KRASNOW, SR. pursuant to the provisions of 18 U.S.C. § 1963(m), and take any action permitted by the plea agreement for failure to comply;

(i) The terms and conditions of this preliminary order of forfeiture shall be part of the sentence imposed against defendant ROBERT KRASNOW, SR. and shall be made part of any judgment and commitment order entered in this case against him.

Accordingly, it is hereby ORDERED, ADJUDGED AND DECREED:

1. That, pursuant to the provisions of 18 U.S.C. § 1963(a)(1) and (3), (c) and ¶ (f) above, all right, title, and interest defendant ROBERT KRASNOW, SR., has in funds in the amount of $3,000,000 is hereby forfeit to the United States, to be paid in the manner set forth in Paragraph 23 of the plea agreement, for disposition according to law;

2. That, defendant ROBERT KRASNOW, SR. shall enter into a payment plan to satisfy his forfeiture liability. The payments will be made in the form of a wire transfer or certified cashier's check to payable to the "United States Marshals Service Seized Assets Management Account", to be mailed to the United States Marshals Service, 219 South Dearborn Street, Room 2444, Chicago, Illinois 60604, in the manner set forth in Paragraph 23 of the plea agreement. Each check shall reference the case number of this action. The defendant shall pay the following amounts of money on or before the following dates: $300,000 on or before March 15,

2001; $300,000 on or before September 15, 2001; $300,000 on or before March 15, 2002; $300,000 on or before September 15, 2001; $500,000 on or before March 15, 2003; $500,000 on or before September 15, 2003; and, $800,000 on or before March 15, 2004. The total amount of the payments shall be $3 million to satisfy the forfeiture judgment. Defendant ROBERT KRASNOW, SR. further agreed to provide adequate security for the unpaid portion of those monies in a timely manner, and shall do so accordingly.

3. That, pursuant to the provisions of 18 U.S.C. § 1963(e), the United States Marshals Service shall seize and take custody of all payments in the form of wire transfers or certified cashier's checks forwarded by defendant ROBERT KRASNOW, SR. to the United States Marshals Service to satisfy the defendant's forfeiture liability, for disposition as the Attorney General may direct;

4. That, pursuant to the provisions of 18 U.S.C. § 1963(l)(1), upon entry of this preliminary order of forfeiture, the United States shall publish notice of this order and of its intent to dispose of the property according to law. The government, may also, pursuant to statute, to the extent practicable, provide written notice to any person known to have alleged an interest in the property that is the subject of the preliminary order of forfeiture. The government is unaware, at this time, of anyone who qualifies for such notice. The United States, in its discretion, shall seek final orders of forfeiture as the payments are received;

5

5. That, pursuant to the provisions of 18 U.S.C. § 1963(l)(2), any person, other than the defendant, asserting an interest in the property that has been ordered forfeited to the United States may, within thirty days of the final publication of notice or this receipt of notice under paragraph (4), whichever is earlier, petition the Court for a hearing to adjudicate the validity of this alleged interest in the property. The hearing shall be held before the Court alone, without a jury;

6. That, in the event defendant ROBERT KRASNOW, SR. fails to satisfy the $3,000,000 forfeiture judgment in accordance with the terms set out in Paragraph 23 of the plea agreement, the United States may seek the forfeiture of substitute property belonging to defendant ROBERT KRASNOW, SR., pursuant to the provisions of 18 U.S.C. § 1963(m), and take any action permitted by the plea agreement for failure to comply;

7. That, the terms and conditions of this preliminary order of forfeiture shall be part of the sentence imposed against defendant ROBERT KRASNOW, SR. and shall be made part of any judgment and commitment order entered in this case against him;

8. This Court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this forfeiture order.

_____
ELAINE E. BUCKLO
United States District Judge

DATED: 2/2/01

7