Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 CR 22 - 1 | **DATE** | 3/7/2002 |
| **CASE TITLE** | U.S.A. vs. Krasnow, Sr. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Government's unopposed motion for entry of final order of forfeiture is granted. Enter Final order of Forfeiture. This cause is referred to the probation office for the preparation of a presentence investigation report. Any objection to the Report and motion to be filed by 5/28/02; and response by 6/4/02. Sentencing set for 6/21/02 at 10:30 a.m. Status hearing set for 3/8/02 is vacated.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAR 0 8 2002 | |
| | Notified counsel by telephone. | | date docketed | 30 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT CLERK | | |
| MPJ | courtroom deputy's initials | 02 MAR -7 PM 5:37 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

Case: 1:01-cr-00022 Document #: 30 Filed: 03/07/02 Page 2 of 6 PageID #:70

UNITED STATES DISTRICT Court
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 01 CR 0022 |
| | ) | Hon. Elaine E. Bucklo |
| ROBERT KRASNOW, SR. | ) | |

DOCKETED MAR 0 8 2002

## FINAL ORDER OF FORFEITURE

This cause comes before the Court on motion of the United States of America for entry of a final order of forfeiture as to specific property pursuant to the provisions of Title 18, United States Code, Section 1963(a)(1) and (3), and the Court being fully informed hereby finds as follows:

(a) On January 10, 2001, an information was filed charging defendant ROBERT KRASNOW, SR. and co-defendant MONTY McCLELLAN with violations of the Racketeer Influenced Corrupt Organizations Act pursuant to the provisions of 18 U.S.C. § 1962(c), among other violations;

(b) The information sought forfeiture to the United States of specific property pursuant to the provisions of 18 U.S.C. § 1963(a)(1) and (3);

(c) On January 26, 2001, pursuant to Fed. R. Crim. P. 11, defendant ROBERT KRASNOW, SR. entered a voluntary plea of guilty to two counts of the information, including Count Two;

(d) As a result of his violations of 18 U.S.C. § 1962(c) to which he pled guilty in Count Two, defendant ROBERT KRASNOW, SR. agreed that certain funds in the amount of $3,000,000 are subject to forfeiture pursuant to the provisions of 18 U.S.C. § 1963(a)(1) and(3) because the funds represent interests acquired and maintained in violation of 18 U.S.C. § 1962 or constitute proceeds of or were derived from proceeds obtained, directly and indirectly from racketeering



activities in violation of 18 U.S.C. § 1962;

(e) Pursuant to the provisions of Paragraph 23 of his plea agreement, defendant ROBERT KRASNOW, SR. agreed to the entry of a preliminary order forfeiting funds in the amount of $3,000,000 on the date his plea of guilty was entered and such an order was entered forfeiting the funds;

(f) Defendant ROBERT KRASNOW, SR. agreed to a payment plan, in the manner set forth in Paragraph 23 of his plea agreement, to satisfy the $3,000,000 forfeiture liability. According to the plea agreement, the payments are to be made in the form of a wire transfer or certified cashier's check payable to the "United States Marshals Service Seized Assets Management Account", and mailed to the United States Marshals Service, 219 South Dearborn Street, Room 2444, Chicago, Illinois 60604, in the amounts and on the dates set forth in Paragraph 23 of the plea agreement.

(g) Pursuant to paragraph 23 of the plea agreement, the defendant shall pay the amounts according to the agreed schedule as follows: $300,000 on or before March 15, 2001, $300,000 on or before September 15, 2001; $300,000 on or before March 15, 2002, $300,000 on or before September 15, 2002; $500,000 on or before March 15, 2003; $500,000 on or before September 15, 2003, and $800,000 on or before March 15, 2004. The total amount of the payments shall be 300,000 to satisfy the forfeiture judgment. Defendant ROBERT KRASNOW, SR. further agreed to provide adequate security for the unpaid portion of those monies in a timely manner;

(h) If any of the funds in the amount of $3,000,000 as a result of any act or omission on the part of the defendant:

    1. cannot be located upon the exercise of due diligence;

2

2. has been transferred or sold to, or deposited with, a third party;

3. has been placed beyond the jurisdiction of the Court;

4. has been substantially diminished in value; or

5. has been commingled with other property which cannot be subdivided without difficulty;

the Court shall order pursuant to 18 U.S.C. § 1963(m), the forfeiture of any other property belonging to defendant ROBERT KRASNOW, SR. up to the value of $3,000,000 to satisfy the money judgment entered by the Court;

(i) In the event that defendant ROBERT KRASNOW, SR. fails to satisfy the $3,000,000 forfeiture judgment in accordance with the terms set out in Paragraph 23 of the plea agreement, the United States shall seek the forfeiture of substitute property belonging to defendant ROBERT KRASNOW, SR. pursuant to the provisions of 18 U.S.C. § 1963(m), and take any action permitted by the plea agreement for failure to comply;

(j) On February 2, 2001, during defendant ROBERT KRASNOW, SR.'s plea hearing this Court entered a preliminary order of forfeiture forfeiting any interest ROBERT KRASNOW, SR. had in the funds in the amount of $3,000,000 and directing the United States Marshals Service to seize and take custody of all payments in the form of a cashier's check or money order. Further, the United States Marshals Service was ordered to publish notice of the United States intention to forfeit the foregoing property and to dispose of the property according to law;

(k) Furthermore, the preliminary order of forfeiture directed that the United States, in its discretion, to obtain final orders of forfeiture as the payments were received;

(l) On September 14, 2001, defendant ROBERT KRASNOW, SR. submitted a cashier's check in the amount of $300,000, representing the second installment payment, to the United States

3

in partial satisfaction of the money judgment entered by the Court;

(m) Pursuant to the provisions of 18 U.S.C. § 1963(l)(1), beginning on January 3, 2002, and continuing for three consecutive weeks ending on January 16, 2002, the Chicago Tribune published notice of the forfeiture of the $300,000 payment to partially satisfy the defendant's money judgement, and of the United States' intention to dispose of the property according to law;

(n) Jeffrey Steinback, attorney for defendant ROBERT KRASNOW, SR., has been served with a copy of the notice and the preliminary order of forfeiture. Pursuant to the provisions of 18 U.S.C. § 1963(l)(2), no other parties are known to have an interest in the foregoing property and accordingly, no other parties were personally served with a copy of the notice of publication and preliminary order of forfeiture;

(o) To date, no petitions have been filed requesting a hearing to adjudicate any interest in the funds in the amount of $300,000, and the time in which to file a request for a hearing, has expired.

Accordingly, it is hereby ORDERED, ADJUDGED AND DECREED:

1. That, pursuant to the provisions of 18 U.S.C. § 1963(a)(1) and (3), and (c), a money judgment in the amount of $3,000,000 was entered against defendant ROBERT KRASNOW SR., to paid in manner set out in Paragraph 23 of the defendant's plea agreement, and such an order was entered forfeiting the funds;

2. That, pursuant to the provisions of 18 U.S.C. § 1963(a)(1) and (3), (c) and paragraph (f) above, all right, title, and interest defendant ROBERT KRASNOW, SR., has in funds in the second installment payment in the amount of $300,000 is hereby forfeit to the United States for disposition according to law, in partial satisfaction of the $3,000,000 money judgment, in the manner

4

set out in Paragraph 23 of his plea agreement;

3. That, pursuant to the provisions of 18 U.S.C. § 1963(a)(1), (3) and (l), following entry of this order, the United States shall have clear title to the foregoing funds in the amount of $300,000, representing the second installment payment toward the forfeiture judgment, and shall dispose of the funds according to law;

4. This Court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this forfeiture order.

*Elaine E. Bucklo*

ELAINE E. BUCKLO
United States District Judge

DATED: 3/7/02

5